# Michener's Estate.

*Wills—Construction—Gift of income—Trusts and trustees.*

Where a testator directs his executors and trustees to average the income of his estate and to pay over to his sister the income of $10,000 for life, and to two nieces the income of $5,000 to each for life, and also creates other trusts and directs distribution upon the death of his wife and daughter, the three annuitants are entitled, after all the other trusts have terminated, and his wife and daughter have died, to have set aside the respective sums from which their annuities are to be paid, but they have no standing to object to the distribution of the remainder of the estate. The gift to them is not a moiety of the entire income, but of the income of a moiety of the estate.

Argued Jan. 13, 1910. Appeal, No. 361, Jan. T., 1909, by Emma Gertrude Rumsey and Anna G. Rumsey, from decree of O. C. Phila. Co., Jan. T., 1903, No. 575, dismissing excep-tions to adjudication in Estate of Israel Michener, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication of second account of executors.

In addition to the facts set forth in the opinion of the Su-preme Court it appeared that by the seventh item of the will of Israel Michener, the testator directed his executors to: "average the income of all the investments of my estate and to pay over to my sister Mary Michener the income of the sum of ten thousand dollars for and during the term of her natural

life—And also to pay over to my niece Emma G. Rumsey the income of the sum of five thousand dollars for and during the term of her natural life—And also to pay over to my niece Anna G. Rumsey the income of the sum of five thousand dollars for and during the term of her natural life—And if either of my nieces shall die leaving children living at the time of her decease, then my Executors and the survivor of them shall pay over to such children who may be living at the time of the death of either of my nieces the amount of which their mother during her life received the income—And in case both of my said nieces shall die and only one of them shall leave a child or children living at time of her decease then my Executors and the survivor of them shall pay over to such child or children the whole sum upon which both of my said nieces received the income—If either of my said nieces shall die without leaving children living at the time of her death then my Executors and the survivor of them shall pay over to the survivor of my said nieces the income of the sum of ten thousand dollars during her natural life—And if the survivor of my said nieces shall die without leaving children living at the time of her death then this sum of ten thousand dollars shall become part of my residuary estate."

The remaining income was, under the eighth item of his will, to be paid one-half to his wife and one-half to his daughter for their lives. Upon the death of either, the wife or daughter, the executors were directed to pay to the survivor three-fourths of the income and from the remaining one-fourth he directed his executors to pay to each of his nieces, the appellants, the income of the additional sum of $5,000, further providing in the same paragraph:

"Of the balance of this one fourth part of my estate after providing for the bequests to my sister and nieces mentioned in this item of my Will I direct my Executors and the survivor of them to pay over to my brother John H. Michener one half of the remaining sum and to distribute the balance among my nephews, Harry G. Michener, Frank L. Michener, Joseph G. Michener, William N. Michener, Charles G. Michener and John Hanson Michener in equal proportions."

By the ninth item of the will, it was provided:

"Upon the death of my wife and daughter I direct my Executors and the survivor of them to pay over to my sister Mary Michener the income of the additional sum of five thousand dollars for and during the term of her natural life and to pay over to my niece Emma G. Rumsey the income of the additional sum of five thousand dollars for and during the term of her natural life and also to pay over to my niece Anna G. Rumsey the income of the additional sum of five thousand for and during the term of her natural life with the same disposition of these additional principal sums of which my nieces shall receive the income during life and under the same conditions as specified and directed in the seventh item of this my last Will and Testament—Of the remainder of my estate I direct my Executors and the survivor of them to pay over to my brother John H. Michener the sum of twenty-five thousand dollars and to distribute the remaining portion among my nephews Harry G. Michener, Frank L. Michener, Joseph G. Michener, William N. Michener, Charles G. Michener and John Hanson Michener in equal proportions."

By the second item of his will the executors were directed to convert the personal estate into money, and "dispose of as hereinafter directed" in the will.

In 1903 an account of the personal estate was filed by the executors. The wife and daughter of the testator having previously died the account was adjudicated and distribution made to the residuary legatees; $30,000 having been set aside as a fund of which the income was directed to be paid to the appellants.

Since that time the appellants have been receiving, without objection, the income from the mortgage thus set aside by the court.

The second account of the executors was filed in 1907 and was an accounting of the proceeds of the sale of certain real estate. Pending the adjudication, a petition was filed by the appellants for a review of the adjudication of 1903, in order that the bequests of the income of $30,000 might be declared charged upon the whole estate of the decedent. The petition

was refused, the lower court, in its opinion, stating that the appellants had been guilty of laches. The Supreme Court, upon appeal, affirmed the lower court, per curiam.

*Error assigned* was in dismissing exceptions to adjudication.

*Horace M. Rumsey,* for appellants.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellees.

PER CURIAM, February 21, 1910:

We concur in the conclusion stated in the opinion of the learned president judge of the orphans' court that the rights of the appellants were fixed by the adjudication of the orphans' court filed in 1903 and by the decree of that court on a petition for review, which was affirmed by this court, in Michener's Est., 225 Pa. 66. But aside from the question of res adjudicata, the contention of the appellants is not well founded. The gift to them was not of a moiety of the entire income, but of the income of a moiety of the estate. The direction in the seventh item of the testator's will is to " average the income of all the investments of my estate and to pay over to my sister Mary Michener the income of the sum of ten thousand dollars for and during the term of her natural life—And also to pay over to my niece Emma G. Rumsey the income of the sum of five thousand dollars for and during the term of her natural life—And also to pay over to my niece Anna G. Rumsey the income of the sum of five thousand dollars for and during the term of her natural life." This direction applied to the income while the estate was held in trust and until the direction to distribute became operative upon the death of his wife and daughter. Otherwise the direction to distribute upon their deaths was meaningless. All of the trusts except those for the appellants having terminated and the gift of income to them having been secured by the setting aside of an ample sum, there is no reason why the balance of the estate should not be distributed.

The decree is affirmed.